THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| PEGGY TRINKLE, and HELEN HILL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:11-cv-04283-NKL |
| | ) | |
| GATEHOUSE MEDIA MISSOURI | ) | |
| HOLDINGS, INC., d/b/a Lake Media, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

Pending before the Court is Plaintiffs Peggy Trinkle and Helen Hill's Motion to Remand [Doc. # 14]. Also pending before the Court is a Motion to Dismiss [Doc. #12] filed by Defendants John Tucker and Debbie Franklin. For the following reasons, the Court grants Plaintiffs' Motion to Remand and denies as moot Defendants' Motion to Dismiss.

**I.     Background**

On October 20, 2011, Defendants filed a notice to remove this case from the Twenty-Sixth Judicial Circuit Court, Camden County, Missouri, to federal court, pursuant to 28 U.S.C. §§ 1441, 1446. On October 27, 2011, Plaintiffs filed the Motion to Remand currently before the Court. The Plaintiffs in this case are both Missouri residents. Defendants Gatehouse Media Missouri Holdings, Inc., and Gatehouse Media Missouri Holdings II, Inc., are citizens of New York and Delaware. Defendants allege the Court has jurisdiction because Plaintiffs fraudulently joined Defendants Tucker and Franklin, both Missouri

citizens, in order to destroy diversity. Defendants allege that Tucker and Franklin are fraudulently joined because Plaintiffs failed to exhaust their administrative remedies for their claims under the Missouri Human Rights Act by failing to name Tucker and Franklin in their charges of discrimination before the Missouri Commission on Human Rights ("MCHR"). *See* [Doc. # 1, ¶ 7]. Plaintiffs counter in their Motion to Remand that Missouri precedent permits suit against such defendants under certain circumstances even when they are not named in the initial administrative charges and that a final determination of whether the claims against Tucker and Franklin should be dismissed properly rests with the state court. [Doc. # 14 at 2-3]. Plaintiffs thus argue that the Court lacks the authority to dismiss the non-diverse defendants from the suit and that the case must be remanded to state court for such a determination.

## II. Discussion

### A. Motion to Remand

Defendants, as the party seeking removal and opposing remand, bear the burden of establishing federal jurisdiction. *In re Business Men's Assurance Co. of Am.* 992 F.2d 181, 183 (8th Cir. 1993). A district court is required to resolve all doubts about federal jurisdiction in favor of remand. *See id.*; *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

Joinder is fraudulent "[w]here applicable state precedent precludes the existence of a cause of action against a defendant." *Filla v. Norfolk S. Ry. Co.* 336 F.3d 806, 810 (8th Cir. 2003). However, the district court is limited to "determining whether there is arguably a

2

reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Id.* at 811. In doing so, a district court should resolve all facts and ambiguities in the controlling substantive law in favor of the Plaintiffs. However, district courts have no responsibility to definitively settle ambiguous questions of state law. *Id.* Instead,"the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." *Id.* (internal citations omitted).

The Missouri Supreme Court has permitted suits to be brought against supervisory employees even when they had not been included as parties in the prior administrative action, as long as prejudice did not result from the plaintiff's failure to follow proper administrative procedures. *See Hill v. Ford Motor Co.*, 277 S.W.3d 659, 662 (Mo. banc 2009). Here, there is arguably a reasonable factual basis for predicting that such Missouri precedent might give Plaintiffs a viable claim against Tucker and Franklin. In their state court petition, Plaintiffs list all Defendants individually, including Tucker and Franklin; identify the relationship of the individual Defendants to the corporate Defendants; and then proceed to outline incidents of age-based discrimination allegedly engaged in by Defendants against Plaintiffs. The Court rejects Defendants' argument that Plaintiffs do not allege sufficient facts against Tucker and Franklin to have a reasonable chance of avoiding dismissal. Plaintiffs' allegations are reasonably specific, stating, for example, that "Defendants reduced Plaintiffs' hours from full-time to approximately 20 hours per week;" that "Defendants scrutinized Plaintiffs' work far more than other employees' work; and that "Defendants ceased training Plaintiffs

3

alongside other, full-time employees." [Doc. # 1-1, ¶ 25]. Even though the specific allegations do not mention Tucker and Franklin by name, the reference to "Defendants" in each allegation is fairly read to incorporate all Defendants previously named in the Petition, including Tucker and Franklin.[1] Given that it is arguably reasonable that Plaintiffs have made a sufficient case against Tucker and Franklin to avoid dismissal of these Defendants under Missouri law, the Court finds that Plaintiffs have not engaged in fraudulent joinder. Because there is currently incomplete diversity in the suit, the Court lacks subject matter jurisdiction, and remand is proper.

Because the Court has already ordered the case to be remanded, it is now unnecessary to consider Plaintiffs' procedural argument that removal was improper on account of Defendants' failure to timely file their Notice of Removal under Local Rule 83.5(l).

Plaintiffs' request for attorneys' fees is denied, however, because the Court finds that Defendants had an objectively reasonable basis for seeking removal on the grounds that some federal courts have either denied remand or dismissed individual defendants based on a finding of fraudulent joinder.

### B. Motion to Dismiss

---

[1] Defendants also appear to argue that Plaintiffs' claims against Tucker and Franklin are more likely to be dismissed under Missouri precedent because Plaintiffs were represented by attorneys when they failed to exhaust their administrative remedies. [Doc. #17 at 2]. However, Defendants cite to no Missouri case law which would support this proposition, and thus the Court does not find this argument persuasive when evaluating whether there is a reasonable basis to think that Missouri courts would impose liability against Tucker and Franklin.

4

As the case is now remanded to Missouri state court, the Motion to Dismiss by Defendants Tucker and Franklin is denied as moot.

## III.   Conclusion

For the foregoing reasons, it is ORDERED that Plaintiffs Peggy Trinkle and Helen Hill's Motion to Remand [Doc. # 14] be GRANTED.  Plaintiffs' request for attorneys' fees is DENIED.  Defendants John Tucker and Debbie Franklin's Motion to Dismiss [Doc. #12] is also DENIED as moot.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  December 19, 2011
Jefferson City, Missouri